2017R00907/LG/SD/ms

RECEIVED
JUN 18 2019
AT 8:30_____M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Brian Martinotti |
| v. | : | Crim. No. 19-431 (BRM) |
| ERIC GUZMAN | : | CONSENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about June 18, 2019 defendant Eric Guzman pleaded guilty pursuant to a plea agreement with the United States to a one-count Information, which charged him with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846;

WHEREAS, pursuant to 21 U.S.C. § 853, Eric Guzman shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense;

WHEREAS, in the plea agreement, the defendant agreed to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the

offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense;

WHEREAS, on November 26, 2018, approximately $7,500 was seized from defendant Eric Guzman, (the "Specific Property");

WHEREAS, Eric Guzman admits the Specific Property has the requisite nexus to the drug trafficking offense charged in the Information and therefore is forfeitable to the United States of America pursuant to 21 U.S.C. § 853;

WHEREAS, the provisions of 21 U.S.C. § 853(n) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Eric Guzman:

(1) Agrees to forfeit to the United States all of his right, title and interest in the Specific Property, which the defendant admits has the requisite nexus to the offense to which the defendant has agreed to plead guilty, pursuant to 21 U.S.C. § 853;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(3) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon his in this case and waives any

-2-

failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(4) Waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a further result of the defendant's conviction of the offense charged in the Information, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall be final against defendant Eric Guzman, shall be made part of the sentence of defendant Eric Guzman, and shall be included in the judgment of conviction therewith.

3. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Department of Homeland Security, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of

this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 18 day of June, 2019.

Honorable Brian Martinotti
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

CRAIG CARPENITO
United States Attorney

By: LEAH GOULD
Assistant United States Attorney

Dated: 18 JUN 2019

PATRICK McMAHON, ESQ.
Attorney for Defendant
Eric Guzman

Dated: 6-18-19

Eric Guzman,
Defendant

Dated: 6-18-19